# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3004MN

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| | * | District of Minnesota |
| PAUL JOHN KORN, | * | |
| | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 10, 1998
Filed: March 13, 1998

_____

Before FAGG and MURPHY, Circuit Judges, and SMITH,[1] District Judge.

_____

SMITH, District Judge.

Paul John Korn was convicted after trial of one count of aiding and abetting possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and sentenced to 324 months imprisonment.[2] On appeal Korn challenges the district court's refusal to suppress his incriminating statements and

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri, sitting by designation.

[2]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

its imposition of a sentence enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1).  We reject his arguments and affirm.

Korn argues that the district court erred when it denied his motion to suppress his confessions.  He argues that he did not knowingly, intelligently and voluntarily waive his Miranda rights because he was under the influence of drugs and was exhausted when he made the statements.  His argument is without merit.  The review of whether a waiver of Miranda rights was knowing and voluntary is de novo.  United States v. Byrne, 83 F.3d 984, 988 (8th Cir. 1996) (citations omitted).  The Eighth Circuit has already stated that neither exhaustion nor intoxication will necessarily invalidate a Miranda waiver.  United States v. Byrne, 83 F.3d 984 (8th Cir. 1996); United States v. Casal, 915 F.2d 1225, 1229 (8th Cir. 1990), cert. denied, 499 U.S. 941, 111 S. Ct. 1400 (1991).  The Court has considered the totality of the circumstances in order to determine whether the Appellant's will was overborne.  Id.  We hold the district court did not err in admitting Korn's statements.

Korn also argues that the district court erred when it imposed a two-level enhancement on his sentence without giving him notice.  A district court's factual findings are reviewed under a clearly erroneous standard.  United States v. Willis, 997 F.2d 407, 417 (8th Cir. 1993), cert. denied, 510 U.S. 1050, 114 S. Ct. 704 (1994).  "[H]owever, the district court's interpretation of the guidelines and the application of that interpretation to the case's particular facts" is reviewed de novo.  Id. (citations omitted).  Appellant argues that due process requires that he receive some notice that the court is considering imposing an enhancement.  He relies on Burns v. United States, 501 U.S. 129 (1991), which held that the district court cannot depart upward from the sentencing range established by the Sentencing Guidelines without first notifying the parties.

The Appellant also urges this Court to consider the Seventh Circuit's decision of United States v. Jackson, 32 F.3d 1101 (7th Cir. 1994).  The Seventh Circuit held

that the defendant has a right to advance notice either through the presentencing report ("PSR"), the prosecutor's recommendation, or the court, that a specific sentencing enhancement is being considered. Jackson, 32 F.3d at 1108. The defendant should have advance notice of a sentencing change and should be able to present evidence and argue the application of the sentencing enhancement. Id.

The controlling law in the Eighth Circuit disagrees with the holding in Jackson. See United States v. Rodamaker, 56 F.3d 898, 903 (8th Cir. 1995) (declining to recommend to the full court that it reconsider, en banc, Willis and United States v. Adipietro, 983 F.2d 1458 (8th Cir. 1993)). Two Eighth Circuit cases have held that the district court can sua sponte impose an adjustment or enhancement to a defendant's sentence. See United States v. Willis, 997 F.2d 407 (8th Cir. 1993) (holding that the guidelines themselves, the trial testimony, and the argument at the sentencing hearing were sufficient notice); United States v. Adipietro, 983 F.2d 1458 (8th Cir. 1993) (holding that trial testimony and the evidence at the sentencing hearing were sufficient notice for an adjustment). Adipietro distinguishes between upward departures and adjustments or enhancements and holds that "While Burns mandates that both parties be given adequate notice before a court departs from the applicable guideline range . . . Burns does not mandate that adequate notice must be given before a district court addresses an adjustment or enhancement." 983 F.2d at 1473.

Additionally, both Willis and Adipietro involve a defendant who (1) was tried, which placed the facts into evidence for the enhancement, and (2) received notice and an opportunity to speak at the sentencing hearing after the government raised the issue of enhancement. Jackson involved a defendant who plead guilty, received notice at the sentencing hearing of an adjustment at the court's request and was denied a continuance or opportunity to prepare an argument. In this case, the court provided written reasons to the parties before the sentencing hearing that did not include the grounds for enhancement for possession of a firearm. However, the government suggested an adjustment at the sentencing hearing and the court provided the Appellant

with an opportunity to object. The Appellant did not ask for a recess or a continuance to prepare a response. It may have been appropriate for the district judge to have, sua sponte, granted a recess, but since the Appellant never raised this issue on appeal, we decline to reach this point. Therefore, since the Appellant had notice of the evidence of the firearm admitted at trial, did not ask for a continuance or time to respond to the enhancement, and the enhancement is contained within the Guidelines, the district court's ruling is affirmed.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.