**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 00-4147

PAUL E. PERDUE, JR.,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.                                                              No. 00-4238

PAUL E. PERDUE, JR.,
Defendant-Appellee.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CR-99-314)

Submitted: August 18, 2000

Decided: September 14, 2000

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Christopher F. Cowan, COWAN, NORTH & LAFRATTA, L.L.P., Richmond, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Rebeca Hidalgo Bellows, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Paul E. Perdue appeals from his conviction for possession with intent to distribute cocaine in violation of 21 U.S.C.A. § 841(a)(1) (West 1999), contending that the district court erred in denying his motion to suppress post-arrest statements and in admitting into evidence a 1998 calendar which contained "owe sheets." He also argues that the evidence was insufficient to support his conviction. The United States has filed a cross-appeal, arguing that the district court erred in refusing to assess sentencing enhancements for possession of a dangerous weapon under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1998), and for obstruction of justice under USSG § 3C1.1. We affirm Perdue's conviction,[1] but vacate his sentence and remand for resentencing applying the enhancement under USSG § 2D1.1.

Perdue contends that because he had just been released from the

_____

[1] We have considered the effect of Apprendi v. New Jersey, 120 S. Ct. 2348, 2000 WL 807189 (2000), and find that, because Perdue received a sentence that did not exceed the statutory maximum set out in 21 U.S.C.A. § 841(b)(1)(C), no plain error occurred. See United States v. Aguayo-Delgado, ___ F.3d ___, 2000 WL 988128, at *6-*7 (8th Cir. July 18, 2000).

2

hospital following a drug overdose, he could not have knowingly and voluntarily waived his Miranda[2] rights, and, therefore his statements to the officers on June 23, 1999, should have been suppressed. The evidence presented during the suppression hearing established that on June 23, 1999, Perdue was lucid, and he expressed a willingness to talk to the officers. He signed a waiver of rights form, admitted details about his drug dealing activities, and inquired about cooperating with the officers. Given Perdue's responses to the inquiries, we conclude that the district court properly found that, despite his drug overdose eight hours earlier and his fatigue as the interview progressed, Perdue understood the nature of his rights and the consequences of the waiver. See United States v. Korn, 138 F.3d 1239, 1240 (8th Cir.) (upholding waiver where defendant asserted he was under influence of drugs and exhausted), cert. denied, 525 U.S. 947 (1998); United States v. Andrews, 22 F.3d 1328, 1340-41 (5th Cir. 1994); United States v. Lincoln, 992 F.2d 356, 359 (D.C. Cir. 1993). We therefore affirm the district court's finding that the waiver of rights--and thus the statements--were knowing and voluntary. See United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992); see also North Carolina v. Butler, 441 U.S. 369, 373 (1979) (written waiver of rights is "usually strong proof of the validity of that waiver").

Perdue also challenges the denial of his motion to suppress his July 2, 1999, statement, contending that it was given without the benefit of the Miranda warnings. Because he did not raise this challenge in his motion to suppress or at the hearing on the motion, he has waived his right to bring this claim on appeal. See Fed. R. Crim. P. 12(f); United States v. DeWitt, 946 F.2d 1497, 1502 (10th Cir. 1991); Indiviglio v. United States, 612 F.2d 624, 630 (2d Cir. 1979). Notwithstanding the waiver of this issue, we find that Perdue was not in custody when he made the July 2, 1999, statement, and therefore there was no Miranda violation to warrant suppression of the statement.

We find that the evidence, viewed in the light most favorable to the government, see Glasser v. United States, 315 U.S. 60, 80 (1942), was sufficient to support Perdue's conviction. On June 23, 1999, 56.2 grams of cocaine were discovered inside a black pant suit. Also found in the pant suit were a number of empty baggies, which, the detective

_____

**2 Miranda v. Arizona**, 384 U.S. 436 (1966).

testified, are commonly used to package drugs for sale. On July 2, 1999, Perdue wore that same pant suit to his arraignment. In a duffle bag found near the clothes, officers found Perdue's calendar and address book, which contained "owe sheets" reflecting money paid or owed for various drugs. A scale, more baggies, additional drugs and drug paraphernalia were also found in the duffle bag. Even without Perdue's incriminating statements, the evidence, construed in the light most favorable to the government, was sufficient to support his conviction.

Perdue's post-arrest incriminating statements to the officers provided additional evidence of his possession with intent to distribute the cocaine. Although Perdue argues that the statements should not be given much weight due to the circumstances under which they were given, in reviewing sufficiency of the evidence, this court does not consider the weight of the evidence. See Glasser , 315 U.S. at 80. We find that the evidence was clearly sufficient to support Perdue's conviction. See id.

The last issue raised by Perdue is that the district court abused its discretion in admitting into evidence the 1998 calendar and address book, which contained the "owe sheets." The information in the calendar was admissible as relevant to show Perdue's intent to distribute the drugs. See United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988). The fact that the calendar was for 1998--when the offense charged occurred in June 1999--affects the weight of the evidence, not its admissibility. Examining the evidence in the light most favorable to the government, we find no abuse of discretion in the admission of the calendar. See United States v. Love , 134 F.3d 595, 603 (4th Cir. 1998) (quoting United States v. Simpson, 910 F.2d 154, 157 (4th Cir. 1990)); Rawle, 845 F.2d at 1247.

In its cross-appeal, the government challenges the district court's refusal to enhance Perdue's sentence for obstruction of justice. A two-level enhancement is warranted if the defendant willfully obstructed or impeded the investigation or prosecution of his case. See USSG § 3C1.1. The enhancement applies when a defendant commits perjury during his trial. Id., comment. (n.3(b)); United States v. Dunnigan, 507 U.S. 87, 96 (1993). Because the district court, in declining to impose the enhancement for obstruction of justice, noted the testi-

4

mony concerning Perdue's condition at the time of his incriminating statements, the court apparently gave some credence to Perdue's claim that he was not fully aware at the time of the post-arrest statements. The district court's credibility determination that the inconsistencies between Perdue's statements to the officers and his trial testimony were the result of confusion, mistake or faulty memory, rather than due to his willful attempt to obstruct justice, see USSG § 3C1.1, comment. (n.2), is not subject to review here. See United States v. Murray, 65 F.3d 1161, 1165 (4th Cir. 1995). In light of the court's determination on this issue, the denial of the obstruction of justice enhancement was not clearly erroneous. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989).

Lastly, the government appeals the district court's refusal to enhance Perdue's sentence for possession of a dangerous weapon under USSG § 2D1.1(b)(1), which provides, in connection with sentencing for a drug trafficking offense, "If a dangerous weapon (including a firearm) was possessed, increase by 2 levels." USSG 2D1.1(b)(1). The enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected to the offense." Id., comment. (n.3). The proximity of guns to illegal drugs is enough to support the enhancement. See United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997).

In this case, a loaded handgun was found next to the duffle bag and clothing on the floor in the bedroom. In the duffle bag and in and on the clothing were numerous types and amounts of drugs, including the cocaine that Perdue was convicted of possessing with the intent to distribute. This is not a case where "it is clearly improbably that the weapon was connected with the offense." See USSG § 2D1.1(b)(1), comment. (n.3); Harris, 128 F.3d at 852-53 (upholding enhancement where unloaded gun found in the same dresser as some of the drugs). We therefore find that the district court clearly erred in refusing to apply the two-level enhancement of USSG § 2D1.1(b)(1). See Love, 134 F.3d at 607. Accordingly we vacate Perdue's sentence and remanding for resentencing applying the enhancement for possession of a dangerous weapon.

In conclusion, we affirm Perdue's conviction, vacate his sentence, and remand for resentencing applying the enhancement for possession

5

of a dangerous weapon under USSG § 2D1.1. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; VACATED IN PART; AND REMANDED

6