# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2750

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| James Stewart Goodwin, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  December 12, 2000

Filed:  December 19, 2000

_____

Before LOKEN, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

This case involves a police-citizen encounter at the Omaha airport. While drug interdiction officers were questioning a man there, James Stewart Goodwin walked over, whispered to the man being questioned, and left. Another officer who had seen the communication approached Goodwin as he was leaving the terminal, identified himself as a police officer, and asked to speak with him. Goodwin asked why the officer was harassing him "again," and the officer replied he had never seen Goodwin before. Goodwin accused the officer of taking $10,000 from him earlier, and the officer said he merely wanted to know Goodwin's name. Goodwin identified himself,

but declined to speak with the officer. The officer let Goodwin go and reentered the terminal. Goodwin left the building.

Curious about Goodwin's comments, the officer checked computer records and learned Goodwin had two active misdemeanor warrants. After Goodwin returned to the terminal, picked up several pieces of luggage, and left the terminal again, the officer approached Goodwin outside and told him he was under arrest for the misdemeanor warrants. When Goodwin refused three requests to set his luggage down, officers wrestled Goodwin to the ground and handcuffed him. In a search of Goodwin's luggage, the officers found cocaine. Goodwin then asked to speak with a federal agent, and following Miranda warnings, Goodwin made incriminating statements to the agent in the drug interdiction unit's interview room inside the airport. Goodwin conditionally pleaded guilty to possession with intent to distribute cocaine after his motion to suppress was denied. Goodwin now appeals the denial of his motion to suppress.

Goodwin first contends the initial encounter amounted to an investigative detention requiring a reasonable suspicion of criminal activity. We agree with the district court that the encounter was consensual. The officer's questioning of Goodwin was not "'so intimidating, threatening, or coercive that a reasonable person would not have believed himself free to leave.'" United States v. Hathcock, 103 F.3d 715, 718 (8th Cir. 1997) (quoted case omitted). Only one officer approached Goodwin, the officer wore plain clothes, and the officer did not display a weapon, touch Goodwin, or use language or a tone of voice indicating that compliance with the officer's request was compelled. See id. at 718-19. Indeed, Goodwin declined to speak with the officer and walked away. Because the encounter was not an investigative detention, no reasonable suspicion of criminal activity was required.

Goodwin also asserts his incriminating statements following his arrest were not voluntary because he was under the influence of cocaine and heroin at the time and the statements were made in an inherently coercive environment. We have declined to

adopt a per se rule that a Miranda waiver made under the influence of drugs is involuntary.  See United States v. Korn, 138 F.3d 1239, 1240 (8th Cir. 1998).  To determine the voluntariness of Goodwin's confession, we consider "whether the confession was extracted by threats, violence, or direct or implied promises, such that the defendant's 'will [was] overborne and his capacity for self-determination critically impaired.'"  United States v. Kilgore, 58 F.3d 350, 353 (8th Cir. 1995) (quoted case omitted).  We consider the totality of the circumstances in assessing the conduct of law enforcement officials and the suspect's capacity to resist any pressure.  See id.  Here, the federal agent and officer involved testified that when Goodwin gave his statement, he seemed to be in his right mind and denied he was under the influence of drugs.  Cf. United States v. Byrne, 83 F.3d 984, 989 (8th Cir. 1996) (despite evidence that defendant had taken drugs, behavior showed waiver was voluntary).  The district court observed that Goodwin showed no signs of impairment, and that finding is not clearly erroneous.  See United States v. Knight, No. 98-3469, 2000 WL 1617895, at *1 (8th Cir. Oct. 31, 2000).  Further, the agent and officer testified no threats or promises were made to Goodwin in order to induce his statement.  We conclude Goodwin voluntarily waived his Miranda rights.

We thus affirm the district court's denial of Goodwin's motion to suppress.  We also deny Goodwin's unfounded, pro se motion to place his appeal in abeyance to amend for discrepancies.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-