# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2836

_____

United States of America,

    Appellee,

 v.

Milton Castanon,

    Appellant.

      *
      *
      *  Appeal from the United States
      *  District Court for the District
      *  of Nebraska.
      *
      *    [UNPUBLISHED]
      *
      *

_____

Submitted: February 10, 2004

Filed: February 17, 2004

_____

Before MELLOY, FAGG, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

After an undercover investigation, police arrested Milton Castanon on federal drug charges and he made incriminating statements. The district court* denied Castanon's motion to suppress and the case went to trial. At its conclusion, Castanon was convicted of conspiracy to distribute and distribution of methamphetamine. The district court found "the amounts of methamphetamine and cocaine for which [Castanon] is responsible are the marihuana equivalency of approximately 11,109.94

_____

*The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

kilograms of marihuana," placing Castanon in the drug quantity range corresponding to a base offense level of 36. See U.S.S.G. § 2D1.1(c)(2). Castanon appeals his conviction and sentence. We affirm.

Castanon first contends the evidence was insufficient to convict him of conspiracy to distribute five hundred grams or more of methamphetamine. We must uphold Castanon's conspiracy conviction if the evidence showed Castanon and another person agreed to distribute methamphetamine, Castanon knew of the agreement, and Castanon intentionally participated in the agreement. See United States v. Hester, 140 F.3d 753, 760 (8th Cir. 1998); United States v. Cuervo, 2004 WL 99021, at *10 (8th Cir. Jan. 22, 2004). Viewing the evidence in the light most favorable to the verdict, we conclude a reasonable jury could conclude beyond a reasonable doubt that Castanon conspired with Milton Monge to distribute five hundred grams or more of methamphetamine. See United States v. Ramirez, 350 F.3d 780, 784 (8th Cir. 2003). Monge testified that for two or three months he bought methamphetamine from Castanon each week in quantities of a half pound, a pound, and a pound and half for resale to others. He testified he later bought pound quantities of methamphetamine from Castanon at least five more times. The evidence thus showed Castanon distributed at least ten and a half pounds (4762 grams) methamphetamine to Monge in resale quantities. This evidence alone is sufficient to establish a conspiracy to distribute. Id. (sale of one-pound quantities of methamphetamine on at least three occasions created inference of conspiracy to distribute). The evidence also showed Monge and Castanon had an understanding about the drugs, including a usual price for the quantities. See id. Even if the evidence shows multiple conspiracies as Castanon contends, Castanon does not claim any variance prejudiced him. See Cuervo, 2004 WL 99021, at *13. Without showing the alleged variance infringed on his substantial rights, Castanon is not entitled to relief. Id.

Second, Castanon argues the district court erroneously admitted his postarrest incriminating statements because he was going through methamphetamine withdrawal and could not knowingly and intelligently waive his Miranda rights. Generally, we review the district court's factual findings for clear error and the denial of the motion to suppress de novo. United States v. Green, 275 F.3d 694, 698 (8th Cir. 2001). Castanon failed to object to the magistrate judge's report and recommendation, however, and we thus review the district court's factual findings for plain error. United States v. Looking, 156 F.3d 803, 809 (8th Cir. 1998). Neither intoxication nor withdrawal necessarily invalidates a confession. United States v. Korn, 138 F.3d 1239, 1240 (8th Cir. 1998); United States v. Medina, 552 F.2d 181, 187 (7th Cir. 1977). The district court did not commit plain error in finding Castanon was not under the influence of methamphetamine when he made the statements. The investigative officers who took the statements testified Castanon exhibited none of the symptoms of being under the influence of methamphetamine. Having carefully reviewed the totality of the circumstances, we conclude Castanon's will was not overborne and his waiver of rights was knowing and intelligent. See Korn, 138 F.3d at 1240. Thus, the district court properly denied Castanon's motion to suppress.

Last, Castanon argues the district court committed error in calculating the amount of drugs involved because the district court should not have believed Monge's testimony about quantities. We review drug quantity calculations for clear error, Cuervo, 2004 WL 99021, at *24, and find none in this case. The district court specifically found Monge's testimony was not exaggerated or false. The district court was entitled to make this credibility determination. Id.

We thus affirm Castanon's conviction and sentence.

_____