# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1966

_____

United States of America,

          Appellee,

v.

Alphonzo Henderson,

          Appellant.

\*
\*
\*
\*    Appeal from the United States
\*    District Court for the
\*    Western District of Missouri.
\*
\*    [PUBLISHED]
\*
\*

_____

Submitted: December 8, 2008
Filed: January 29, 2009

_____

Before LOKEN, Chief Judge, BEAM and ARNOLD, Circuit Judges.

_____

PER CURIAM.

Alphonzo Henderson was convicted of being a felon in possession of a firearm, *see* 18 U.S.C. §§ 922(g)(1), 924(e)(1), and was sentenced to 262 months' imprisonment. On appeal, Mr. Henderson challenges the order of the district court[1] refusing to suppress the gun seized at his wife's house and the incriminating statements that he made during custodial interrogation. We affirm.

---

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

When Kansas City police officers were dispatched to investigate a report of a suspicious person armed with a gun, a ten-year-old boy advised them that Mr. Henderson was armed with a gun and believed that his wife, Veronica Bennett, was in the house with another man. The boy told the officers that Mr. Henderson was walking around the house with the weapon saying that he was "going to kill him." The officers then went to the house and Allie Bennett, Veronica's mother, informed them that Mr. Henderson had a gun and was inside a bedroom with Veronica.

When the officers knocked on the bedroom door, someone inside the room turned off the lights and the conversation inside ceased. After a short wait, the police officers opened the door, entered the bedroom, and arrested and handcuffed Mr. Henderson. They then searched the room and found a gun underneath a sheet on the bed next to where Mr. Henderson and his wife were standing.

Mr. Henderson argues that the search was illegal and that the gun should have been suppressed because the officers did not obtain a search warrant. But officers who have a legitimate concern for their safety or for the safety of others may search areas that may conceal a threat to them without a warrant. *See United States v. Poe*, 462 F.3d 997, 1000 (8th Cir. 2006). The district court found, on an adequate record, that the search here was conducted out of the officers' legitimate concern for safety. It is true that Mr. Henderson was handcuffed at the time that the search occurred. But because domestic disturbances are highly volatile and involve large risks and because the police officers had reason to believe that a loaded gun was in the bedroom, we think it plain that exigent circumstances justified their effort to secure the weapon. *Cf. United States v. Uscanga-Ramirez*, 475 F.3d 1024, 1026, 1028-29 (8th Cir. 2007).

Mr. Henderson also argues that the district court should have granted his motion to suppress incriminating statements that he made after he was in custody. He admits that he signed a waiver of his *Miranda* rights, but he contends that he did not do so voluntarily because he was under the influence of alcohol and drugs. A court must

evaluate all of the attendant circumstances in determining whether a waiver was voluntarily made. *See United States v. Korn*, 138 F.3d 1239, 1240 (8th Cir. 1998), *cert. denied*, 525 U.S. 947 (1998). We review the district court's factual findings for clear error and determine *de novo* the legal question of whether the waiver was voluntary. *See United States v. Garlewicz,* 493 F.3d 933, 935 (8th Cir. 2007).

Mr. Henderson testified at his suppression hearing that he was highly intoxicated during the interrogation and that he had advised his interrogator accordingly, and Allie Bennett testified that she believed that Mr. Henderson was intoxicated at the time of his arrest. On the other hand, the detective who questioned Mr. Henderson testified that he had no doubt that Mr. Henderson was sober at the time of the interrogation, and the government presented evidence that more than two-and-a-half hours had elapsed between Mr. Henderson's arrest and the execution of his *Miranda* waiver. The district court found the detective's testimony more credible than Mr. Henderson's, determined that Mr. Henderson was not intoxicated when he signed the waiver, and held that the waiver was therefore voluntary. We see no error here.

We affirm the district court's rulings.

_____